925 F.2d 1467
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon Charles WHITE, Jr., Plaintiff-Appellant,
v.
Perry JOHNSON, Director, Jack Bergman, Superintendent,
Gloria Christopherson, R.N., Ronald L. Bobo, Lieutenant,
Joseph Gregorich, Deputy Warden, Darryl S. Bengry,
Lieutenant, Clifford C. Redes, Officer, Robert P. Miller,
Officer, Larry S. Buege, Doctor, Arthur W. Lehtinen,
Sergeant, Ronald C. Schink, Psychiatrist, Defendants-Appellees.
 No. 90-1008.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Leon Charles White, Jr., a pro se Michigan state prisoner, appeals the judgment in favor of defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 White sued several employees of the Michigan Department of Corrections for monetary damages. Summary judgment was granted to all but two defendants, and the claim against these two defendants eventually proceeded to a jury trial. The jury found for the defendants, and the district court entered judgment on the verdict. On appeal, White challenges the summary judgment in favor of two defendants, a physician's assistant and a nurse, on his claim of a denial of medical care. He also contends that he was denied a fair trial on his claim of excessive force by two prison guards, because he was cross-examined regarding his lengthy prison misconduct record of assaultive behavior.
 
 
 4
 Upon consideration, it is concluded that the defendant physician's assistant and nurse were entitled to summary judgment due to the absence of any genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). There was no evidence to support a claim of deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 5
 Furthermore, the district court did not abuse its discretion in allowing White to be cross-examined concerning his misconduct record, as that evidence was relevant to the issue of whether the defendant prison guards used excessive force against him. See Young v. Rabideau, 821 F.2d 373, 377-81 (7th Cir.), cert. denied, 484 U.S. 915 (1987).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation