UNITED STATES of America, Plaintiff,

v.

Marco VALDEZ, et al., Defendants.

No. 93–CR–28 B.

United States District Court,
D. Utah, C.D.

May 4, 1993.

Richard D. McKelvie and David J. Schwendiman, Asst. U.S. Attys., Salt Lake City, UT, for plaintiff.

Randall Gaither, Salt Lake City, UT, for defendants.

## ORDER

BOYCE, United States Magistrate Judge.

The defendant, Jose Gobea–Espinoza, has made a motion pursuant to Rules 8 and 14, F.R.Cr.P. to sever Counts 1 through 8 from Counts 9 through 13 of the superseding indictment and for a separate trial for Count 14. Defendant is charged in the superseding indictment in this case with defendants Marco A. Valdez, Anthony Valdez, and Roberto Estrada. Counts 1 through 8 charge only defendants Marco Valdez and Anthony Valdez with distribution of a controlled substance (21 U.S.C. § 841(a)) and use of a communications facility for the distribution of a controlled substance (21 U.S.C. § 843(b)). Forfeiture provisions are also included with some counts (21 U.S.C. §§ 853(a) and 853(p)). None of the charges in Counts 1 through 8 mention defendant Jose Gobea–Espinoza. There is nothing in these counts which shows any connection between Gobea–Espinoza and the other defendants specifically named in the other counts. There is nothing by way of factual allegations in Counts 9 through 13 to show any continuity or connection with Counts 1 through 8. Each Count 1 through 8 charges a separate and distinct act. The same is true as to Counts 9 through 13 and Count 14.

Counts 9, 10, 11, 12, and 13 charge distribution of a controlled substance by the defendant (21 U.S.C. § 841(a)(1)) or possession with intent to distribute (21 U.S.C. § 841(a)(1), and in one count (Count 9) an act done with Marco A. Valdez. In others defendant is alleged to have acted with Roberto Estrada (Counts 11, 12 and 13). Estrada is not mentioned in Counts 1 through 8. Each count involves separate conduct on a specific date. There are no allegations of fact showing any continuity of conduct with Counts 1 through 8 and 9 through 13. No conspiracy is alleged or facts showing a common scheme or course of conduct.

Count 14 charges the defendant Jose Gobea–Espinoza with reentry by a deported alien subsequent to a felony conviction (8 U.S.C. § 1326). As to this count the government concedes that the count may be severed in the discretion of the court. The government contends the count was properly joined. However, the government's contention of proper joinder is questionable. Rule 8(a), F.R.Cr.P. authorizes joinder of offenses if the offenses are of the "same or similar character" or "based on the same act or

transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Nothing in the superseding indictment supports a conclusion that Count 14 is properly joined with the other counts. There is nothing to show a common scheme or plan or that Count 14 is part of the same act or transaction as Counts 9 through 13 or connected to them in any way. The same is especially true of Counts 1 through 8. Consequently, Count 14 is improperly joined with the other counts. The conduct in count 14 is separate from the other counts and is of a dissimilar character. There is no indication of any relationship between Count 14 and the other counts and therefore there is a misjoinder of Count 14 and it must be severed from the other charges in the indictment.[1] See *United States v. Williams*, 711 F.2d 748 (6th Cir.1983).

■ The defendant's contention is that there has been a misjoinder of counts and defendants with regard to Counts 1 through 8 and Counts 9 through 13. There is a proper joinder of Counts 1 through 8 with those in 9 through 13 since they are offenses of the same or similar character. Rule 8(a), F.R.Cr.P. *United States v. Rodgers*, 732 F.2d 625 (8th Cir.1984) (series of drug transactions); *United States v. Chevalier*, 776 F.Supp. 853 (D.Vt.1991) (unrelated drug offenses properly joined). Rule 8(a) has not been violated. *United States v. Rogers*, 921 F.2d 975 (10th Cir.1990); *United States v. Bowen*, 946 F.2d 734 (10th Cir.1991); *United States v. Bailey*, 952 F.2d 363 (10th Cir. 1991).

■ The defendant also contends that severance based on misjoinder of parties is required.[2] Rule 8(b), F.R.Cr.P. governs the joinder of parties. Rule 8(b) allows joinder of defendants "if they are *alleged* to have participated in the same act or transactions or in the same series of acts or transactions constituting an offense or offenses." (Emphasis added). The rule further provides that not all defendants need be charged in the same count and defendants may be charged "in one or more counts." In this case the joinder of defendants is not proper unless they are "alleged" to have participated in the "same act or transaction or the same series of acts or transactions constituting" the offenses. It is not necessary that there be a conspiracy count in the indictment. *Pacelli v. United States*, 588 F.2d 360 (2d Cir. 1978); *United States v. Russo*, 480 F.2d 1228 (6th Cir.1973). However, the indictment must contain allegations showing the propriety of the joinder. *United States v. Bledsoe*, 674 F.2d 647 (8th Cir.1982); *United States v. Grassi*, 616 F.2d 1295 (5th Cir.1980); *United States v. Coppola*, 788 F.2d 303 (5th Cir. 1986); *United States v. Morales*, 868 F.2d 1562 (11th Cir.1989). See also *United States v. Esch*, 832 F.2d 531, 537–38 (10th Cir.1987) ("... may be charged in the same indictment if they are *alleged* to have participated in the same series of acts or transactions."). However, mere similarities between some actors or crimes does not show a common scheme or plan. *United States v. Carrozza*, 728 F.Supp. 266 (D.S.D.N.Y.1990), aff'd 956 F.2d 1160 (2d Cir.1992).

In this case the indictment alleges no facts showing any connection between the defendants in Counts 1 through 8 and those in Counts 9 through 13. Marco Valdez is the only person named in the two categories of defendants and he is only mentioned in Count 9 in common with Gobea–Espinoza.[3] No facts as to any common scheme or transaction are set forth in the indictment. As the indictment is now framed, there is insufficient factual connection to meet the require-

1. This case differs from *United States v. Brown*, 744 F.Supp. 558 (D.S.D.N.Y.1990) allowing joinder of a reentry charge with a drug charge. Added factual connection was necessary in this case. However, if joinder were appropriate the nature of the reentry charge after a felony conviction would be prejudicial in connection with the other charges and relief under Rule 14, F.R.Cr.P. should be allowed. See *United States v. Pack*, 773 F.2d 261, 266–67 (10th Cir.1985)

2. Defendant asserts that misjoinder does not require a weighing of prejudice. This is true at the trial level. However, misjoinder is subject to harmless error analysis on appeal. *United States v. Lane*, 474 U.S. 438, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

3. The indictment in this case differs from that approved in *United States v. Esch*, 832 F.2d 531 (10th Cir.1987) where all defendants were named in 18 of the 19 counts.

ments of Rule 8(b). If such a connection were alleged, the joinder would be proper. *United States v. Lane*, 883 F.2d 1484 (10th Cir.1989). The test of proper joinder is a "common thread to each of the defendants." *United States v. Rogers*, 921 F.2d 975 (10th Cir.1990). *Rogers* involved a conspiracy trial and evidence linking the defendants. The court discussed the case from the standard of appellate review. At this point, although the government's response to defendant's motion states there are facts of a common thread, the indictment contains no such connection or allegation. It is the indictment that is insufficient at this point. *United States v. Bledsoe*, supra; *United States v. Grassi*, supra.; *United States v. Coppola*, supra.; *United States v. Morales*, supra. "... we conclude that Rule 8(b) is to be determined before trial by examining the allegations of the indictment." (Citing cases). The indictment does not meet this standard.

Therefore, the deficiency in this case is in the pleading in the indictment. It lacks sufficient allegations for the proper joinder of all parties between Counts 1 through 8 and those in 9 through 13. Therefore,

**IT IS HEREBY ORDERED** that the defendant Jose Gobea–Espinoza's motion to sever the trial of the defendants named in Counts 1 through 8 from Counts 9 through 13 is granted. Count 14 is severed from the other counts. The government should elect the sequence of prosecution within 10 days of this order, absent a proper superseding indictment.