**UNITED STATES of America, Plaintiff,**

v.

**Juan Ramon OLMEDO–CRUZ, Defendant.**

**No. 00–NCR–41 K.**

United States District Court,
D. Utah,
Central Division.

Nov. 9, 2000.

plaintiff's counsel.

---

2. The court expresses no opinion on the ethical violation the Sweeneys allege was committed by

Bruce Lubeck, Asst. U.S. Attorney, Salt Lake City, UT, for plaintiff.

Robert L. Booker, Salt Lake City, UT, for defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendant, Juan Ramon Olmedo–Cruz, has made a motion to sever the offenses charging defendant with the use of a communications facility to promote a drug trafficking crime, (21 USC § 843(b)) from charges of conspiracy to distribute drugs (21 USC § 846). Defendant claims there would be a denial of his constitutional rights if severance were not granted. Defendant refers to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, but has not developed these arguments. They are frivolous. There is no Fourth Amendment argument. The Fourth Amendment applies to illegal searches and seizure and matters of warrants. The Fourth Amendment bears no relationship to the issues involved in this motion to sever.

The Fifth Amendment contains various rights but defendant has not articulated a due process basis for his position. He has not made any specific Fifth Amendment claim. The Sixth Amendment is not relevant to any argument advanced by defendant. The relevant due process and other provisions of the Fourteenth Amendment apply *only* to the states *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588 (1875); *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), and it is not involved with federal criminal prosecutions except in limited situations not applicable here. The defendant's constitutional arguments are therefore without merit.

Juan Ramon Olmedo–Cruz was indicted in Counts 9–11, 14–15, 19, 40, 41, 44–46 and 52. Count 9 charges a conspiracy to distribute marijuana (21 USC § 846). The conspiracy alleged was from March 24, 2000 to March 25, 2000. Count 10 charges the use of a communication facility on March 28, 2000 in connection with distribution of a controlled substance. Count II charges the same offense as having occurred on April 27, 2000. These two communications facility offenses are separate from the conspiracy which is alleged to have occurred on different dates and involving separate transactions. There is no allegation of common scheme or plan as

to the counts of the indictment charge on Olmedo–Cruz.

Count 14 charges conspiracy to distribute marijuana on or about May 9, 2000. Count 15 charges a conspiracy on or about May 9, 2000, involving other persons and was apparently a separate conspiracy transaction to distribute cocaine. These conspiracies are not alleged to be related to the other offenses of defendant, but are properly joined under Rule 8(a) F.R.Cr.P. as offenses of the same character. *United States v. Valdez*, 149 F.R.D. 220 (D.Utah 1993) (distribution and use of a communications facility drug offenses were properly joined).

Count 19 charges a use of a communications facility in facilitating the commission of controlled substances violation on May 11, 2000. The offense is separate in time from the other allegations in the indictment.

Count 40 charges another conspiracy to distribute cocaine (21 USC § 846) on May 25, 2000. Again there is no allegation this offense is related to any of the prior counts. Count 41 charges a communications facility offense on May 25, 2000 and is alleged as separate from the other offenses charged. Nothing alleges the communications offense was in furtherance of the conspiracy.

Count 44 charges a communications facility violation on May 24, 2000 as does Count 45 (21 USC 843(b)). There is no allegation connecting these charges to the proceeding counts or to each other. They are separate except for their character. Count 46 charges a communications facility offense on May 25, 2000. Count 44 and 42 charge § 843(b) offenses on the same date. Count 46 does not allege a connection to the other offenses and as the indictment now reads the § 843(b) offenses involve separate conduct and conduct separate from the conspiracy charges.

Count 52, the final charge against Juan Ramon Olmedo–Cruz, charges a violation of 21 USC § 843(b) on May 31, 2000 and contains no allegation relating the offense to any other charge. The defendant Olmedo–Cruz has not provided an affidavit or any other factual information showing that the Government contends that there is a relationship between the § 843(b) charges and any other offense charged against Olmedo–Cruz or that the evidence of the conspiracy counts will be used by the prosecution, under Rule 404(b) F.R.E., on the § 843(b) charges. The Government has not responded to the motion. Defendant has made no relevant factual showing to support severance.

The defendant Olmedo–Cruz merely asserts in his motion memorandum that he wishes to testify on the § 843(b) counts about what was said or intended in the communications offenses. He states he fears if he testifies that there will be examination on the conspiracy counts. Obviously, all § 843(b) counts will have a bearing on any other count charging the same offense and be admissible under Rule 404(b) F.R.E. as relevant to motive, intent, plan or knowledge or that the communication conduct was culpable rather than innocent. See *United States v. Marquardt*, 695 F.2d 1300 (11th Cir.1983); *United States v. Stubbs*, 944 F.2d 828, 836 (11th Cir.1991); "The 'intent' exception to Rule 404(b) may also be used, in a broader sense, to admit prior crimes because the repetition of the crime is itself circumstantial proof of a propensity to commit a crime" *Young v. Rabideau*, 821 F.2d 373, 379 (7th Cir.1987). It is only when the other evidence is used to establish the character of the person and that the person acted in conformity with it that Rule 404(b) F.R.E. is inapplicable and the evidence inadmissible. See *United States v. Roberts*, 88 F.3d 872, 880–81 (10th Cir.1996). The prosecution could already have put in its conspiracy evidence on its case in chief at trial, if severance was denied, before defendant testifies. The only question is whether defendant would somehow be prejudiced by taking the stand and only testifying to the § 843(b) charges, when the other evidence of the conspiracies is also before the court. The defendant has not provided any specific information as to the nature and kind of testimony he would offer as a witness. *United States v. Alexander*, 135 F.3d 470, 477 (7th Cir.1998) (denial of severance upheld where defendant did not provide specific examples of the testimony he would offer at trial on one charge if severance were granted). Consequently, whether the evidence of the other conspiracy charges would be admissible under Rule 404(b) F.R.E. even if severance were granted, cannot be assessed.

See also *United States v. Martin,* 18 F.3d 1515, 1519 (10th Cir.1994) (denial of severance upheld where no details were provided as to the testimony defendant would give).

■ The fact that a defendant may have a better chance for acquittal if the charges were tried separately is not sufficient to require severance. *United States v. Hernandez,* 829 F.2d 988 (10th Cir.1987). In *United States v. Hayes,* 861 F.2d 1225 (10th Cir. 1988) the court held in a tax prosecution that no error occurred in not granting severance where defendant wanted to testify on one count and not another. A similar result was reached in *Hernandez,* supra. It has been said the defendant must show he had a strong need to testify on one count and a strong need to refrain from testifying on others. *United States v. Benz,* 740 F.2d 903 (11th Cir.1984); *United States v. Furman,* 31 F.3d 1034 (10th Cir.1994) (same). Olmedo–Cruz has made no such showing.

■ If the jury can separate the counts and evidence there is usually no prejudice. *United States v. Taylor,* 800 F.2d 1012 (10th Cir.1986). A bare allegation that defendant would be prevented from testifying on one or more counts without addressing others is insufficient to establish prejudice without a specific showing of the evidence involved. *United States v. Gorecki,* 813 F.2d 40 (3rd Cir.1987).

The issue raised by defendant was before the court in *United States v. Palomino,* 877 F.2d 835 (10th Cir.1989) on appeal from a conviction in this district. The defendant was charged with numerous drug counts and with a Continuing Criminal Enterprise (CCE) violation. Defendant claimed he should have been granted a severance of counts to testify on the CCE count and that if he testified on that count and not others in the same trial it would tend to incriminate him. The court noted the proper joinder of the counts. The court rejected defendant's claim that he was entitled to severance, citing *Hernandez,* supra. A similar result was reached in *United States v. Hollis,* 971 F.2d

1441 (10th Cir.1992). The court said defendant was not entitled to a severance simply because he had informed the court he wanted to testify on some counts and not others.[1] All the offenses charged are relatively distinct as now pled.

■ The defendant is obligated to make a strong showing of prejudice to support severance. *United States v. Wright,* 932 F.2d 868 (10th Cir.1991). Severance is justified only in the most extreme cases. *United States v. Rogers,* 921 F.2d 975 (10th Cir. 1990). Where evidence on various charges is interchangeable, severance is not required absent special prejudice. *United States v. Critton,* 43 F.3d 1089 (6th Cir.1995); *United States v. Moore,* 97 F.3d 561 (D.C.Cir.1996); *United States v. Janus Industries,* 48 F.3d 1548 (10th Cir.1995).

■ The court cannot say that evidence of defendant's other drug offenses would not be admissible even if severance were granted. Cf. *United States v. Doran,* 882 F.2d 1511, 1523 (10th Cir.1989) (other drug offenses admissible on intent); *United States v. Harris,* 903 F.2d 770 (10th Cir.1990) (drug evidence admissible in tax offenses); *United States v. Sturmoski,* 971 F.2d 452 (10th Cir.1992); *United States v. Russell,* 109 F.3d 1503 (10th Cir.1997) (prior drug transactions admissible under 404(b)). The defendant is entitled to an instruction to the jury to independently consider each offense against the defendant. *United States v. Rogers,* 925 F.2d 1285, 1288 (10th Cir.1991),[2] and also under Rule 611(b) F.R.E. the scope of cross-examination of defendant is restricted to the *"subject matter* of the direct examination." (Emphasis added).

■ The defendant has not met his burden to show grounds for severance. Therefore,

IT IS HEREBY ORDERED the motion of Juan Ramon Olmedo–Cruz, for severance, is **DENIED.**

1. The defendant has cited unrelated cases from other circuits. The cases are neither precedent in this circuit nor recent decisions.

2. See *United States v. Adler,* 862 F.2d 210, 217 (9th Cir.1988) (21 USC § 843(b) prosecution was not tainted by failure to sever where trial court instructions were fair and adequate and no manifest of injustice resulted).