NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008[*]
Decided August 11, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-1398

| | |
|---|---|
| CURTIS RICHARDSON, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 03-CV-869 DRH |
| | |
| CHAD JENNINGS, | David R. Herndon, |
| *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

Curtis Richardson, an Illinois prisoner who formerly was housed at the Lawrence Correctional Center, filed this lawsuit under 42 U.S.C. § 1983, claiming that Chad Jennings, a lieutenant at the prison, used excessive force against him by spraying him with a chemical

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(A)(2).

agent.  A jury found in favor of Jennings, and Richardson appeals.  We conclude that none of Richardson's arguments on appeal entitle him to relief; therefore, we affirm.

On July 4, 2002, Jennings and another officer escorted Richardson to the segregation unit of the prison.  Unknown to the officers, Richardson suffers from a seizure disorder and has had grand mal seizures from the age of four.  The officers placed Richardson in a shower stall on the way to segregation, and he started "banging his head" against the wall because, according to Richardson, he was having a seizure.  Jennings ordered him to stop, and when Richardson failed to do so, Jennings sprayed pepper spray into Richardson's face.

Richardson then sued Jennings, alleging that as a result of Jennings's use of force, he lost his sense of taste and smell (for an unspecified period of time) and suffered from headaches, an eye infection, and nosebleeds.  The district court denied cross motions for summary judgment and then recruited counsel to represent Richardson at trial.

At trial Richardson testified that Jennings used the pepper spray against him while he was having a seizure.  He alleged that the resulting injuries lasted for close to three weeks.  One of the prison's mental health professionals testified that Richardson had a seizure disorder.  She also explained that, based on her notes from July 4, 2002, Richardson was suicidal and suffered from an antisocial personality disorder.

Jennings also testified and explained that he sprayed Richardson with pepper spray because he wanted to stop Richardson from further harming himself as quickly as possible, and it was the first thing he thought to do.  Jennings testified that he had seen inmates have seizures before and, in his opinion, Richardson was not having a seizure but was simply trying to hurt himself.  To support that theory, the defense called a prison nurse to the stand, and she testified that a few weeks after the incident on July 4, while Richardson was in the segregation unit, he again started "banging [his] head against the wall" at a time when he was not having a seizure.  At the close of trial the jury found in Jennings's favor.

On appeal Richardson first challenges the district court's denial of his pretrial motion for partial summary judgment.  Because Richardson's case already has been tried, the district court's decision to deny his motion for summary judgment is not an appropriate issue for review.  *See Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718-19 (7th Cir. 2003); *Cruz v. Town of Cicero, Ill.*, 275 F.3d 579, 587 (7th Cir. 2001).  Moreover, even if we did review the denial of his motion, whether Jennings's use of force was excessive is a question that was properly reserved for the factfinder.  *See Chelios v. Heavener*, 520 F.3d 678, 687-88 (7th Cir. 2008).

Richardson also argues that the district court erred in allowing Jennings to present evidence about Richardson's "behavioral background," that is, the testimony that he was suicidal and that he had faked a seizure at another time. We review the district court's rulings on the admissibility of evidence for an abuse of discretion. *See United States v. Lee*, 502 F.3d 691, 696 (7th Cir. 2007). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. But relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

The central issue in this case was whether Jennings's use of force was lawful, and in making this determination, the jury had to focus on the facts and circumstances that existed around the time of the incident. *Cf. Wilson v. Williams*, 83 F.3d 870, 873-75 (7th Cir. 1996). Jennings's argument to the jury was that he used force to prevent Richardson from hurting himself; therefore, this evidence was relevant to show that Richardson had a history of inflicting harm on himself. *Cf. Young v. Rabideau*, 821 F.2d 373, 381-82 (7th Cir. 1987). Richardson correctly points out that Jennings did not know about Richardson's "behavioral background" when Jennings sprayed him with the chemical agent, but he also did not know that Richardson suffered from a seizure disorder. Because Richardson framed the issue at trial as whether Jennings used excessive force against a prisoner who was having a seizure, this evidence was relevant to show the reasonableness of Jennings's conduct. *Cf. West v. Love,* 776 F.2d 170, 173-75 (7th Cir. 1985). And though Richardson asserts that the testimony was "unfairly prejudicial," he gives us no reasons why that would be so. We therefore conclude that the district court did not abuse its discretion in admitting this testimony.

Richardson next contends that insufficient evidence supported the jury's verdict in favor of Jennings. We view the evidence in the light most favorable to the verdict and ordinarily would uphold the jury's findings if the evidence supports that verdict. *See Campbell v. Miller*, 499 F.3d 711, 716 (7th Cir. 2007). But in this case Richardson did not move for judgment as a matter of law after the jury rendered its verdict; therefore, he cannot challenge the sufficiency of the evidence on appeal. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-07 (2006); *Pearson v. Wellborn*, 471 F.3d 732, 738-39 (7th Cir. 2006).

Finally, Richardson claims that his recruited lawyer rendered ineffective assistance at trial. But, as we have said, there is no constitutional right to the effective assistance of counsel in a civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc).

The remainder of Richardson's contentions are undeveloped and are therefore waived.  *See United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008).

AFFIRMED.