**UNITED STATES of America**

v.

**Theodore TAYLOR, et al., Defendants.**

**No. S 88 Cr. 0439 (SWK).**

United States District Court,
S.D. New York.

Feb. 23, 1989.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by James R. Bucknam, Asst. U.S. Atty., New York City, for the Government.

James Moriarity, New York City, for defendant Theodore Taylor.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The superseding indictment in this criminal action charges Theodore Taylor and his brother Matthew Taylor with three counts of drug-related violations.[1] Defendant Theodore Taylor has filed an omnibus motion seeking (1) a bill of particulars pursuant to Fed.R.Crim.P. 7(f), (2) additional discovery pursuant to Fed.R.Crim.P. 16, (3) suppression of physical evidence seized from the residence of Theodore Taylor, (4) a pre-trial hearing concerning hearsay dec-

larations which the government may offer at trial, (5) an order directing the government to preserve for trial the originals of any handwritten notes of any interviews with witnesses who may be called at trial, and (6) leave to file additional motions if the need arises. The government opposes each of these requests.

## BACKGROUND

On June 28, 1988, Magistrate James C. Francis IV of this Court issued a search warrant for the premises at 1755 Story Avenue, Apartment 5B, Bronx, New York, and authorized the seizure of

> Narcotics, diluents, narcotics paraphernalia, money and other proceeds from narcotics distribution, guns, ammunition, photographs, safes, paging devices, books, papers, documents, and other narcotics records, all of which constitute evidence of violations of Title 21, U.S.C. § 846, and 18 U.S.C., § 924(c).

*See* Government's Memorandum in Opposition, Exhibit A. During the execution of the warrant by the Bureau of Alcohol, Tobacco and Firearms on July 1, 1988, three persons were arrested, and on that same date a criminal complaint was filed against the three arrestees. *See id.*, Exhibit B.[2] The grand jury returned and filed an indictment on July 12, 1988, and subsequently returned the superseding indictment on August 2, 1988.

## DISCUSSION

### 1. Bill of Particulars

Defendant Theodore Taylor (hereinafter "Taylor" or "defendant") seeks extensive amounts of information by means of a bill of particulars. Defendant has requested this information through a letter dated August 25, 1988 to the government, which has refused to provide it voluntarily. The Court will thus consider defendant's request.

---

1. The first count charges conspiracy to violate the narcotics laws, count two charges a substantive narcotics offense and count three charges a weapons violation, namely the use of a firearm during the instant drug offenses.

2. The third defendant was James Erby. The government dismissed the complaint against him without prejudice.

■ A bill of particulars "is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir.1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)). The question is not whether the information sought would be useful to the defendant, but instead whether it is necessary to the defense. *United States v. Guerrerio*, 670 F.Supp. 1215, 1224 (S.D.N.Y.1987) (citing *United States v. Leighton*, 265 F.Supp. 27, 35 (S.D.N.Y.1967)). Moreover, a bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case." *Id.* at 1225 (citing *United States v. Culoso*, 461 F.Supp. 128, 134 & n. 8 (S.D.N.Y.1978), *aff'd mem.*, 607 F.2d 999 (2d Cir.1979)). A bill of particulars is not appropriate if the information has already been provided to defendant elsewhere, such as through discovery or the indictment. *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.), *aff'd*, 768 F.2d 487 (2d Cir.1985). The granting of a bill of particulars lies within the discretion of the trial court. *Davidoff, supra*, 845 F.2d at 1154 (citing *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir.1984)).

This Court recently considered the propriety of ordering an extensive bill of particulars in a drug conspiracy case. *United States v. Feola*, 651 F.Supp. 1068, 1132–34 (S.D.N.Y.1987). The discussion in that case is particularly appropriate to the requests made by defendant in this case:

As a general rule, the defendant does not "need" detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts. (Citations omitted). Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial. (Citations omitted).

*Id.* at 1132. A bill of particulars limits the government's proof at trial, and the Court will keep this fact in mind so as not to restrict unduly the government's ability to present its case. *Id.* Since the government can prove the existence of a conspiracy through circumstantial evidence, it is not appropriate to order a bill of particulars for the very specific details requested by defendant. *United States v. Payden, supra*, 613 F.Supp. at 817.

■ Count I of the superseding indictment charges defendant and his brother with conspiracy to distribute crack. Based on information provided in the criminal complaint and in an affidavit filed by a special agent of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), *see* Exhibit B to Defendant's Notice of Motion, the indictment charges that Matthew Taylor held a gun to the head of the government's confidential informant and that Theodore Taylor also carried a gun at the same time. The affidavit mentioned above, which was filed at the time the government sought a search warrant, explains that a confidential informant, wired by the ATF agent, entered an apartment on June 23, 1988 seeking to purchase crack. Upon entry, a man later identified as Matthew Taylor held a .22 caliber gun to his head while he was frisked. Another man, later identified as Theodore Taylor, carried a .38 caliber gun at his waist and proceeded to sell the informant four vials of crack. When the ATF raided this apartment on July 1, 1988, armed with the search warrant, they discovered a .38 caliber gun, ammunition, cash, 200 packs of crack, and, among others, Theodore Taylor. In *United States v. Feola, supra*, the Court noted that bills of particulars have been granted to require the disclosure of all persons the government will claim to have been co-conspirators, to the extent known, the locations of acts set forth in the indictment and the place where the offense charged occurred. 651 F.Supp. at 1133 (citations omitted). The indictment and supporting information here provides

most of that information.[3] The Court does grant a bill of particulars on count I as follows, based on the Court's belief that such information is necessary to the preparation of the defendant's defense and to define the crime charged sufficiently to bar future prosecution for the same offense. The defendant's other requests for particulars are denied.

1. The names of all persons whom the government will claim at trial were co-conspirators, to the extent known to the government. The government is under a continuing obligation to update this material as necessary. The government need not disclose the addresses of co-conspirators, though if incarcerated, that fact should be made known.

2. The dates, to the extent known, that each of the defendants allegedly joined the conspiracy.

3. The approximate dates and locations of any meetings or conversations at which the government will contend that Theodore Taylor joined the conspiracy. Exact dates shall be given if known to the government.

Count II of the indictment charges defendants with possession of narcotics with intent to distribute and specifies the 200 packs of crack discovered during the July 1, 1988 raid. The information provided in the indictment and supporting materials sufficiently informs defendant of the specifics of the crimes charged. In addition, the government has provided defendant with a copy of a lab report, apparently the only one in the government's possession.[4] Count III charges defendant with the use of a firearm in relation to the first two counts. The materials available to defendant are sufficient for the preparation of his defense and further information is not necessary by means of a bill of particulars.

3. The government's memorandum of law unfortunately does not specify the information provided by the government to defendant that purportedly satisfies the defendant's demands in his requested bill of particulars.

4. The Court reaches this conclusion based on the exchange of correspondence between the parties.

## 2. Pre–Trial Discovery

Defendant seeks a wide variety of information to which it claims a right of access as permissible pre-trial discovery. The government has provided certain discovery and opposes defendant's request for additional material.

### A. *Defendant's Statements*

Defendant requests copies of any written or recorded statements he made to law enforcement officials, as well as the substance of any statements made after arrest to government informants or persons who will be government witnesses. The government has not specifically responded to this request.

Rule 16(a) of the Federal Rules of Criminal Procedure, and the case law interpreting this provision, authorize "broad pre-trial discovery of the defendant's statements, whether made during or after the commission of the crimes charged; to a government agent, to a grand jury, or to anyone else; and whether obtained surreptitiously or voluntarily." *United States v. Feola, supra,* 651 F.Supp. at 1141 (citations omitted). This rule "is intended to enable a defendant to obtain prior to trial any of his own statements relevant to the crime charged against him so that he will be able to prepare properly to face the evidence that may be introduced against him at trial." *United States v. Gleason,* 616 F.2d 2, 24 (2d Cir.1979), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980). The rule compels disclosure of recordings of defendant's statements made to informants or intended victims. *United States v. Feola, supra,* 651 F.Supp. at 1141 (citations omitted).[5]

 Defendant has not identified specifically the information it seeks. Defen-

5. The *Feola* Court noted that tape recordings of phone conversations are discoverable either as "statements" or as "tangible evidence". 651 F.Supp. at 1145 (citing *United States v. Sherwood,* 527 F.Supp. 1001 (W.D.N.Y.1981), *aff'd mem.,* 732 F.2d 142 (2d Cir.1984)).

dant frames its argument in broad terms and seems to argue that any statement, whether written or oral, however documented, made to any person, should be discoverable. The Court does not agree that this sweeping characterization reflects the current state of the law in this Circuit. For example, tape recordings of a defendant which include statements of a government witness are not discoverable under Rule 16, but instead under the terms of 18 U.S.C. § 3500. *In re United States*, 834 F.2d 283, 285 (2d Cir.1987) (citing *United States v. Dorfman*, 53 F.R.D. 477 (S.D.N.Y.1971), *conviction affirmed*, 470 F.2d 246 (2d Cir.1972), *cert. dismissed*, 411 U.S. 923, 93 S.Ct. 1561, 36 L.Ed.2d 317 (1973)); *see also United States v. Feola, supra*, 651 F.Supp. at 1141. Oral statements made by defendant to third parties which are later documented[6] by a government agent are similarly not discoverable under Rule 16. *In re United States, supra*, 834 F.2d at 285–86 (discussing similar holding in *United States v. Viserto*, 596 F.2d 531, 538 (2d Cir.), *cert. denied*, 444 U.S. 841, 100 S.Ct. 80, 62 L.Ed.2d 52 (1979)); *see also United States v. Biaggi*, 675 F.Supp. 790, 812–13 (S.D.N.Y.1987) (oral statements made to non-government agents, later memorialized by a government agent, are not discoverable under Rule 16). Furthermore, oral statements made by defendant that are not recorded and that were not solicited by a government agent similarly do not fall within the scope of Rule 16. *United States v. Payden, supra*, 613 F.Supp. at 820.

■ With these basic principles in mind, the Court orders the government to provide defendant with any relevant recorded or written statements that he, Theodore Taylor, actually made which have now or later come into the custody of the government. However, statements made by defendant which are intermixed with statements of prospective government witnesses need not be disclosed at this time, but should be disclosed at trial in accordance with 18 U.S.C. § 3500. The government also need not provide, pursuant to Rule 16, state-

ments made to third-parties which were documented at some later date. Oral statements made to persons known by defendant to be a government agent and which the government intends to introduce at trial should also be disclosed, as required by Rule 16(a)(1)(A).

**B.** *Defendant's Prior Criminal Record*

■ Defendant has requested a copy of his criminal record and an indication of the government's intended use of it at trial. The information sought is discoverable consistent with the provisions of Rule 16(a)(1)(B), though the government need not indicate any intended use of that information. It appears that the government has already supplied defendant with a copy of his criminal record. *See* Exhibit A to Defendant's Notice of Motion.

**C.** *Statements of Co-Conspirators*

■ Defendant seeks all statements made by any co-conspirator during the pendency of the conspiracy, whether or not the government intends to introduce the statement at trial. Such information is not discoverable except according to the provisions of the Jencks Act, 18 U.S.C. § 3500. *In re United States*, 834 F.2d at 286–87; *United States v. Percevault*, 490 F.2d 126, 129–32 (2d Cir.1974); *see* Fed.R.Crim.P. 16(a)(2) (statements by persons other than defendant subject to restrictions of 18 U.S.C. § 3500). The statements of co-conspirators are not subject to discovery if the government does not intend to introduce such statements at trial, unless such material must be provided as exculpatory under the *Brady* doctrine. *Id.* at 286 n. 2. Defendant's request is thus denied.

**D.** *Requests for Tangible Evidence*

Defendant has requested that the government identify and provide to the defendant any pictures, papers, documents, photographs, books, or tangible objects which are in the government's possession

---

**6.** The Court uses the term "documented" instead of the more common "memorialized" since the Second Circuit finds the former more appropriate. *See In re United States,* 834 F.2d at 284 n. 1.

and which the government intends to introduce at trial. The government has stated that it would make all tangible evidence available to defendant as required by Rule 16(a)(1)(C). *See* Exhibit A to Defendant's Notice of Motion. This request is denied as moot.

### E. *Request for Transcripts of Tape Recordings*

Defendant seeks accurate transcripts of all tape recordings, other than those already provided. The actual recordings themselves are discoverable, to the extent they involve defendant's own statements, as discussed above. Once again, it appears that the government has provided at least one tape, though the government has not informed the Court whether other tapes exist. The government has not responded to this request, and the Court reserves decision.

### F. *Identification of Physical Evidence Seized*

■ Defendant requests the government to identify and provide a list of physical evidence seized from defendant or any other person, place or vehicle relevant to the charges. The government has not responded specifically to this request. The requested information, which appears to fall within the scope of Rule 16(a)(1)(C), should be disclosed. *See United States v. Feola,* 651 F.Supp. at 1144.

### G. *Denied Warrant Applications*

Defendant requests any warrant applications and accompanying documents which were denied. The government has not specifically responded to this request, and the Court reserves decision.

### H. *All Surveillance Material*

■ Defendant has requested that the government identify and provide to defendant the date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure was made of either defendant. Defendant also requests

copies of any information obtained through these procedures. In addition, defendant seeks any documents reflecting or relating to any wire communication intercepted by the government to which defendant was a party. Defendant has offered no support or argument for the proposition that the government must disclose every surveillance effort it has made, and such request is denied.

■ On the other hand, the fruits of surveillance techniques, in many circumstances, are discoverable. For example, logs of telephone conversations placed by government agents to a defendant are discoverable. *United States v. Konefal,* 566 F.Supp. 698, 707 (N.D.N.Y.1983), *cited in United States v. Feola, supra,* 651 F.Supp. at 1144. Any recordings of defendant are discoverable, as discussed above, and any physical evidence seized should be disclosed, again, as discussed above. In addition, the means of obtaining the above information is also discoverable and should be provided defendant to the extent that it is not obvious or already provided. *See United States v. Feola, supra,* 651 F.Supp. at 1145 (citing *United States v. Rosenberg,* 299 F.Supp. 1241 (S.D.N.Y.1969)).

### I. *Tests, Examinations and Analyses*

■ Defendant seeks discovery of the reports of any scientific tests, examinations or analyses which the government conducted in relation to this case. This information is generally discoverable pursuant to Rule 16(a)(1)(D), and to that extent the defendant's request is granted.[7]

### J. *Witness Lists*

■ Defendant requests a list of names and addresses of all prospective government witnesses, including expert witnesses and any reports made by them, as well as a list of any person known to the government who has any information concerning the facts of this case. The Court

---

7. It appears that the government has already complied with this request. The government's letter to defendant's attorney on August 5, 1988 indicates that a ballistic report was provided. On August 12, 1988, the government provided a lab report of alleged drugs seized. The Court finds defendant's repeated request for information previously provided objectionable, especially in light of the broad range of information sought.

notes that the reports of experts are generally discoverable under Rule 16(a)(1)(D), and should be provided to the extent known to the government. Defendant, however, is not entitled to a witness list. Rule 16 does not require the government to provide such information, though the Court has the discretion to order production of such a list under appropriate circumstances. *United States v. Biaggi, supra,* 675 F.Supp. at 810 (citing *United States v. Cannone,* 528 F.2d 296, 301–02 (2d Cir.1975)). The Court must balance the defendant's need for disclosure with the government's interest in protecting the identity, prior to trial, of prospective witnesses. *Id.* Especially in narcotics cases, where the dangers of witness intimidation, subornation of perjury or actual injury to witnesses are great, *see United States v. Feola, supra,* 651 F.Supp. at 1138, the defendant's request for a witness list should not be granted absent a particularized showing of need. *Id.* (citing *United States v. Wilson,* 565 F.Supp. 1416 (S.D.N.Y.1983), *aff'd,* 750 F.2d 7 (2d Cir.1984), *cert. denied,* 479 U.S. 839, 107 S.Ct. 143, 93 L.Ed.2d 85 (1986)). Defendant has not done so here, and his request is denied.

### K. *Impeachment Material*

Defendant has requested a host of information regarding potential governmental witnesses, including (1) any and all evidence within the government's possession of incriminatory information concerning any government witness or informant, (2) documents, or summaries of any oral statements, reflecting any understanding or agreement between the government and any witness or informant, whether or not made in connection with this case, (3) a summary of all charges which could be brought against any government witness or informant that have or will not be brought because of that person's cooperation, and (4) any information concerning any physical or mental disability, or any substance addictions, of government witnesses during the time of the indictment to the present.

■ The government is under a continuing duty to provide a defendant, upon request, with information material either to guilt or punishment, and the government's suppression of such information, even in good faith, violates due process. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963); *United States v. LeRoy,* 687 F.2d 610, 618–19 (2d Cir. 1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983); *United States v. Feola, supra,* 651 F.Supp. at 1135. The *Brady* doctrine does not authorize a general right of pre-trial discovery, and is primarily designed to avoid unfair trials through the suppression of exculpatory material. *See United States v. Bagley,* 473 U.S. 667, 675, 105 S.Ct. 3375, 3379, 87 L.Ed. 2d 481 (1985). The government's good faith representation that it understands its *Brady* obligations and will comply with them on a continuing basis usually suffices. *See, e.g., United States v. Schwimmer,* 649 F.Supp. 544, 549 (E.D.N.Y.1986).

■ The Court notes that much of the information sought by defendant should be disclosed, though not necessarily before trial. Information which might impeach a government witness and any exculpatory statement made by government witnesses should be disclosed under *Brady. United States v. Bagley,* 473 U.S. at 676, 105 S.Ct. at 3380 (citing *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972)); *United States v. Feola,* 651 F.Supp. at 1135 (citations omitted). Agreements between the government and cooperating witnesses or informants should also be disclosed under *Brady,* since this information touches on the witness's credibility. *United States v. Biaggi, supra,* 675 F.Supp. at 811–12. The Court in *Feola* ordered disclosure thirty days prior to trial, whereas the Court in *Biaggi,* decided that the requested *Brady* information could be turned over along with other materials provided pursuant to 18 U.S.C. § 3500. In the present case, given the small number of defendants and the relatively small size of this case, the Court orders that the impeachment materials that pertain to government witnesses may be turned over the day before that witness will take the stand. Other exculpa-

tory material should be provided one week prior to trial.

### L. *Introduction of Similar Act Evidence*

Defendant requests the government to indicate at this point whether it intends to introduce at trial evidence of a similar act, and if so, to state the particulars of such acts. The government admits that defendant would be entitled to this information under Fed.R.Evid. 404(b) and 403, but only once defendant states his intention to raise a defense relating to motive, scheme, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident. The government contends that it need not make an earlier disclosure since it can introduce such evidence only once defendant has interposed a defense.

Defendant is entitled, pursuant to Fed.R. Crim.P. 12(d)(2), to receive notice of the government's intention to introduce in its case-in-chief any evidence that the defendant may be entitled to discover under Rule 16. The Court will construe defendant's request as one made pursuant to Rule 12(d)(2), and to the extent that the government intends to introduce evidence to which defendant has a right of discovery pursuant to Rule 16, the government is ordered to provide such evidence.

On the other hand, defendant has not cited authority for the position that similar act evidence which is not covered by Rule 12(d)(2) is also discoverable. Instead, defendant argues that early disclosure of such of evidence avoids unfair surprise and undue delay. Defendant cites *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973) for its holding that the prosecutor erred by failing to disclose the identity of a government witness and the substance of his testimony in sufficient time for the defendant to prepare. *Id.* at 1331. While *Baum* stands more for the proposition that the identity of government witnesses should be disclosed early, a principle that has subsequently been narrowed, defendant urges that *Baum* obliges early disclosure of any evidence that might surprise the accused.

The Court does not read *Baum* so broadly, especially in light of more recent admonitions that the government is not obligated under *Brady*, and presumably any other doctrine, to open its files to the inquiring defendant. *See United States v. Bagley*, 473 U.S. 667, 675 n. 7, 105 S.Ct. 3375, 3380 n. 7, 87 L.Ed.2d 481 (1985); *United States v. LeRoy, supra*, 687 F.2d at 619. This Court has in the past held that similar act evidence is not discoverable, without the government's consent, at the pre-trial stage. *United States v. Feola, supra*, 651 F.Supp. at 1147–48; *United States v. Nakashian*, 635 F.Supp. 761, 775 (S.D.N.Y. 1986), *rev'd on other grounds*, 820 F.2d 549 (2d Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 451, 98 L.Ed.2d 392 (1987); *United States v. Payden, supra*, 613 F.Supp. at 820. The Court, therefore, denies defendant's request to the extent to the government will not rely on such evidence in its case-in-chief. The Court notes, however, that the government may wish to disclose such evidence prior to trial, pursuant to Rule 12(d)(1), to allow defendant an opportunity to make appropriate objections at that time. *See United States v. Payden, supra*, 613 F.Supp. at 820 n. 20. Of course, to the extent that the "similar act" evidence requested should be disclosed pursuant to *Brady* or 18 U.S.C. § 3500, such disclosure should be made at the appropriate time.

### M. *Identification Procedures*

Defendant requests disclosure and description of any procedure used to make an identification of the defendant as the perpetrator of the crimes charged as well as copies of any photo spreads used and pictures of any lineups. Defendant also wants the names of all persons conducting such photo spreads and lineups, and those of any other persons present. Defendant states that this information is necessary at this time to allow him to determine whether there is a viable basis for a motion to suppress. The government has not specifically responded to this request.

Defendant is not entitled to the information requested. Although information regarding pre-trial identifications of a defen-

dant may be "discoverable", it is subject to the limitations of Rule 16 and 18 U.S.C. § 3500. *United States v. Mitchell,* 540 F.2d 1163, 1166 (3d Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1119, 51 L.Ed.2d 547 (1977). While defendant cites *Mitchell* in support, that case undermines defendant's argument. First, the court in *Mitchell* noted that the government was not required to supply prior to trial the names of any witnesses who had been shown a photographic spread or who were present at a preliminary hearing. *Id.* Second, the *Mitchell* court stated that the government is not required to disclose to a defendant the nature of pre-trial identification procedures. *Id.* at n. 3. This Court has applied the principles articulated in *Mitchell* in denying a similar request by a defendant for discovery of identification information. *United States v. Feola, supra,* 651 F.Supp. at 1147.

The government need disclose and make available at this time only those photographs and other evidence discoverable as tangible evidence under Rule 16(a)(1)(C). Defendant has stated that he requires the identification information prior to trial in order to determine whether there is a viable basis for a motion to suppress. Thus, any tangible identification evidence, such as photographs, which the government upon which the government intends to rely at trial should be made available to the defendant at this time. *Cf. United States v. Shakur,* 560 F.Supp. 309, 311–12 (S.D.N.Y.1983) (government need not produce photo spread for defendant if government does not intend to prove that defendant was involved in the particular crime).

### N. *Lost or Destroyed Evidence*

Defendant also requests the government to identify any specific physical evidence, documents, or other materials, in relation to the discovery requests, that have been lost or destroyed. The government has not specifically responded to this request. The request is granted, to the extent the materials lost or destroyed would be discoverable under Ruled 16 or this opinion.

### 3. Suppression of Evidence Seized

Defendant moves to suppress physical evidence seized from defendant's residence at 1755 Story Avenue, Apartment 5B, Bronx, New York, on or about July 1, 1988. Government agents seized various items pursuant to a search warrant issued by Magistrate Francis on June 28, 1988, based on information provided by James A. DiMaria, a special agent with the Bureau of Alcohol, Tobacco and Firearms. Defendant argues that there was insufficient probable cause to justify issuance of the search warrant. Defendant states that the information given to the magistrate indicated that single drug transactions may have occurred at the premises up to six months earlier and only as recently as five days prior to the issuance of the warrant. Defendant contends that the magistrate could not have determined the extent of DiMaria's experience in drug trafficking cases. Defendant also challenges the agent's statement that he overheard portions of a drug transaction based on the purported inaudibility of sections of a tape of that transaction. In addition to the attack on probable cause, defendant argues that the list of items to be seized was overly broad and that a number of items seized were beyond the scope of the warrant.[8] The government opposes defendant's motion by arguing that there was probable cause, that the list of items to be seized was not overly broad, and in the alternative, that suppression is not appropriate since the agents executing the warrant acted in good faith reliance on the warrant's validity.

The "existence of probable cause in a given case is determined by reference to the totality of circumstances as set forth in the affidavits ..." *United States v. Payden, supra,* 613 F.Supp. at 814 (citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In addition, the magistrate's "finding of probable cause is entitled to substantial deference." *Id.* at 815 (quoting *United States v. Travisano,* 724 F.2d 341, 345 (2d Cir.1983)). Doubts in

---

**8.** Since defendant has not identified the items allegedly seized beyond the scope of the warrant, the Court cannot make a determination on that point.

close cases are to be resolved in favor of the magistrate's findings. *Id.*

The *Travisano* Court stated that to "establish probable cause to search a residence, two factual showings are necessary —first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano, supra,* 724 F.2d at 345. Probable cause is a "practical, nontechnical conception", *id.* at 346 (quoting *Illinois v. Gates, supra,* 103 S.Ct. at 2328). "In sum, the applicable standard to be derived from these principles is that there be a fair probability that the premises will yield the objects specified in the search warrant." *Id.* (citing *Illinois v. Gates, supra,* 103 S.Ct. at 2336).

It is also true, however, that "the facts presented in an affidavit must be sufficiently related to the time of the issuance of the warrant to establish probable cause at that time." *United States v. Kuntz,* 504 F.Supp. 706, 709 (S.D.N.Y.1980); *see also Sgro v. United States,* 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932) ("it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time"). On the other hand, "[w]hen the affidavit describes a continuing course of illegal conduct, the passage of time between the last described act and the application of the warrant becomes less significant." *Payden, supra,* 613 F.Supp. at 814 n. 10 (citing *United States v. Castellano,* 610 F.Supp. 1359, 1437 (S.D. N.Y.1985); *Kuntz, supra,* 504 F.Supp. at 709). The Second Circuit has identified a number of factors which the Court should consider in deciding whether information in an affidavit is stale. These factors include the currency and specificity of the information, the reliability of the sources of information, the nature of the alleged criminal activity, the duration of that activity in the location in question and the nature of the evidence being sought. *United States v. McGrath,* 622 F.2d 36, 42 (2d Cir.1980).

■ After reviewing the affidavit presented to the magistrate, the Court concludes that probable cause did exist. The special agent related that an arrestee in a drug case some six months earlier had identified apartment 5B as the location of a large narcotics distribution operation, the participants of which were violent and carried firearms. This informant relayed his information to Detective Leroy Sweeney of the New York City Housing Police who in turn relayed it to the ATF special agent. This same Housing Police detective stated that others had recently complained that apartment 5B was being used as a center for narcotics trafficking. A week before the issuance of the search warrant, the special agent stated that he and another ATF agent personally observed about fifteen people outside the building who the special agent believed were steering customers inside the building. Once inside, the special agent observed a line of people waiting outside the apartment and heard the sound of a number of dead-bolts being opened on the door.[9] A confidential informant, with five years experience and past successes, was outfitted with electronic monitoring devices and marked currency, and then gained entry into apartment 5B on June 23, 1988. Upon his entry, he was frisked by a male who held a .22 caliber gun to his head. Another man carried a .38 in his waist band. The informant then purchased four vials of crack from the latter person. The informant witnessed an individual in the apartment open a table in the living room that appeared to contain several hundred packs of crack and thousands of dollars. The special agent claims to have heard portions of the conversations

---

**9.** Defendant discounts the relevance of this information by stating that the special agent observed only what was typical on a New York summer day: groups of people in front of an apartment house, people milling about on one floor and the sound of deadbolts. Defendant's characterization undermines the force of the special agent's information. The agent noted that the individuals in front were not simply standing, but instead were directing people inside in a manner suggestive of drug trafficking. The agent also stated that people were in a line waiting to get into apartment 5B, not that they were simply standing on a particular floor.

inside the apartment, but he does not relay what he heard.

 Based on the information provided, the magistrate properly issued the search warrant. Even accepting some of the deficiencies argued by defendant, that the agent did not outline his experience in the field or the conversation he overheard, the affidavit established that this particular apartment was known to be a center for drug trafficking and that, as recently as five days earlier, drug trafficking on a large scale was taking place in that apartment. The sources of his information, a Housing Police detective and an experienced confidential informant, were reliable. It was more than reasonable to assume under those circumstances that the objects named in the warrant would be present. Moreover, the warrant was not overly broad. All of the items specified could be expected to be present at an apartment at which large scale drug transactions were being processed. For these reasons, defendant's motion to suppress is denied. The Court accordingly does not reach the government's argument based on good faith reliance.

### 4. Preservation of Notes

 Defendant has moved for an order directing the government to preserve for trial the originals of any handwritten notes of law enforcement interviews with potential witnesses. The government opposes this motion on the basis that it is premature. The Court grants defendants motion. *See United States v. Feola, supra,* 651 F.Supp. at 1136. In essence, the government has an obligation to preserve for trial handwritten notes made by agents during witness interviews. *Id.*

### 5. Pre-trial Hearing re Co–Conspirator Statements

 Defendant moves for a pre-trial hearing on the admissibility of co-conspirator statements pursuant to Fed.R.Evid. 801(d)(2)(E). The government opposes on the basis that such a hearing would allow defendant to preview the government's case. Although defendant has not specified his request as one for a *"James* hear-

ing", the Fifth Circuit requires a pre-trial hearing before hearsay statements of co-conspirators may be received as against one another. *United States v. Feola, supra,* 651 F.Supp. at 1129; *see United States v. James,* 590 F.2d 575 (5th Cir.), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). As stated in *United States v. Feola:*

> In this Circuit, the functional equivalent of what the Fifth Circuit calls a *James* hearing and requires before trial is provided by a *Geaney* ruling, which is provided only during trial, and relies for its basis on the facts adduced at trial, including evidence received subject to a motion to strike at the close of the Government's case.

651 F.Supp. at 1129 (citing *United States v. Geaney,* 417 F.2d 1116 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970)). Accordingly, defendant's motion is denied.

### 6. Leave to File Additional Motions

Defendant seeks permission to file additional motions for which the appropriateness and necessity may become apparent. The Court grants the request to the extent that it will consider allowing defendant to submit further motions upon showing that the basis for the motion became known only subsequent to the date of this order and could not have reasonably been discovered sooner.

### CONCLUSION

For the reasons stated above, the Court denies in part and grants in part defendant's motion for a bill of particulars and for further discovery. The Court denies defendant's motion to suppress physical evidence seized and motion for a pre-trial hearing concerning the admissibility of co-conspirator's statements. The Court grants defendant's motion for preservation of notes. Defendant may seek leave to file additional motions as stated above.

SO ORDERED.