**UNITED STATES of America, Plaintiff,**

v.

**Daniel CHEVALIER, Kevin Camisa, Frank Baldo, Henry Esposito and Gerard Bernasconi, Defendants.**

Crim. A. Nos. 91–45–01, 91–45–03, 91–45–05 to 91–45–07.

United States District Court, D. Vermont.

Oct. 8, 1991.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, Vt., for plaintiff U.S.

Mark A. Kaplan, Jarvis & Kaplan, Burlington, Vt., for defendant Daniel Chevalier.

Robert Kalina, Kalina & Guido, New York City, Robert F. O'Neill, Gravel and Shea, Burlington, Vt., for defendant Kevin Camisa.

Robert J. Ritchie, Gear & Davis, Burlington, Vt., for defendant Frank Baldo.

James M. Merberg, Boston, Mass., Robert P. Davison, Jr., Robert P. Davison, Jr., P.C., Stowe, Vt., for defendant Henry Esposito.

Susan L. Fowler, Blais, Cain, Keller & Fowler, Burlington, Vt., for defendant Gerard Bernasconi.

## OPINION AND ORDER

PARKER, District Judge.

On May 16, 1991, defendant Kevin Camisa was indicted on two counts of knowingly and intentionally distributing cocaine, and one count of using property to commit one of the distribution offenses, requiring forfeiture of the property.

Defendant now comes before this court and makes several pretrial motions:

(1) Motion for discovery and incorporated memorandum;

(2) Motion for bill of particulars;

(3) Motion for severance;

(4) Motion for preservation of rough notes;

(5) Motion for disclosure of any Rule 404(b) evidence the government intends to use at trial;

(6) Motion for leave to file additional motions, memoranda and exhibits;

(7) Motion to dismiss count two for failure to state an offense as pleaded; or, alternatively, to declare that portion of 21 U.S.C. § 841 dealing with "death or serious bodily injury" resulting from distribution of a controlled substance is void for vagueness; and

(8) Motion to declare the language in 21 U.S.C. § 841 relating to "death or serious bodily injury" resulting from distribution of a controlled substance is part of the elements of the crime.

For the reasons stated below, all of defendant's motions are DENIED.

## DISCUSSION

1. *Motion for Discovery*

Defendant seeks an order requiring the Government to allow him to inspect and copy a laundry list of items. The Government represents that it has complied with the discovery requirements of Fed. R.Crim.P. 16 and Local Rule 2. Defendant's Motion for Discovery is therefore DENIED.

2. *Motion for Bill of Particulars*

■ Defendant moves for a bill of particulars with regard to his indictment. The Government opposes this motion, indicating that the indictment itself is sufficiently detailed to apprise the defendant of the charges against him and to insure against double jeopardy. *United States v. Salazar*, 485 F.2d 1272, 1277 (2d Cir.), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974).

The determination of whether a bill of particulars should be granted lies "within the sound discretion of the district court." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir.1988); *accord United States v. Larracuente*, 740 F.Supp. 160, 163 (E.D.N.Y.1990).

■ Bills of particulars are appropriate in criminal matters where, *inter alia*, they are necessary to the preparation of the defense. *United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir.1991); *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Davidoff*, 845 F.2d at 1154.

While it is true that *Davidoff* represents a reversal by the Second Circuit of a district court which abused its discretion in denying defendant's request for a bill of particulars, the facts in that case may be easily distinguished from those which we now face. The defendant in *Davidoff* was indicted for extortionate schemes directed at one company, while at trial, defendant was confronted with evidence of extortions aimed at entirely different companies. *Davidoff*, 845 F.2d at 1153–54. In the instant

case, defendant Camisa will be tried for the precise crimes for which he was indicted.

■ Similarly, the issuance of a bill of particulars is inappropriate where it would simply be helpful to the defense, rather than necessary. *United States v. La-Morte,* 744 F.Supp. 573, 577 (S.D.N.Y.1990) (citing *United States v. Guerrerio,* 670 F.Supp. 1215, 1224 (S.D.N.Y.1987); *United States v. Payden,* 613 F.Supp. 800, 816–18 (S.D.N.Y.1985)); *United States v. Taylor,* 707 F.Supp. 696, 699 (S.D.N.Y.1989); *United States v. Matos–Peralta,* 691 F.Supp. 780, 791 (S.D.N.Y.1988). Because a bill of particulars must seek information necessary to the defense, it may not be viewed as tantamount to a discovery device to seek and compel disclosure of the Government's evidence prior to trial. *Larracuente,* 740 F.Supp. at 163 (citing *United States v. Gottlieb,* 493 F.2d 987, 994 (2d Cir.1974)).

■ A bill of particulars should not issue where the specifics requested by the Defendant are readily available elsewhere. The Second Circuit has indicated that "if the information sought by defendant is provided in the indictment *or in some acceptable alternate form,* no bill of particulars is required." *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir.1987) (citations omitted; emphasis added). *See also United States v. Torres,* 901 F.2d at 234 ("A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused").

Again, *Bortnovsky* is distinguishable. The Government in *Bortnovsky,* in setting forth the essential elements of its charges, failed to specify the dates of defendants' alleged misconduct. 820 F.2d at 574. The Second Circuit reversed the district court's refusal to order a bill of particulars only because of the vague indictment.

In contrast, the Government in the instant case clearly articulated the substance of the information sought in the requested bill of particulars. Detective Richard M. Carter's Affidavit attached to his Criminal Complaint is unambiguous as to dates, times and places of the defendant's actions. The complaint is contained in the court record, and is readily available for defendant's inspection. Consequently, a bill of particulars is not necessary to defendant Camisa's defense, and defendant's motion is accordingly DENIED.

### 3. *Motion for Severance*

Defendant moves under Rules 8(a), (b) and 14[1] for severance of Counts 2 and 3 from Count 1 of his indictment on the grounds of prejudicial joinder, violations of due process and equal protection. He alleges that because there is no conspiracy count in the indictment, Count 1 is in no way related to Counts 2 and 3.[2] Camisa's argument is also based on the fact that the offense charged in Count 2 of his indictment occurred on January 10, 1991, while the offense charged in Count 1 did not occur until nearly four months later, on April 2, 1991.

---

**1.** Rule 8(a) establishes the criteria for when the joinder of offenses is appropriate:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged ... are of the *same or similar character* or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(emphasis added). Rule 8(b) explicates the standards for joinder of defendants:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in

one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 14, on the other hand, articulates the appropriate circumstances for relief from joinder which is proper under Rule 8 when it is deemed to be prejudicial to the defendant or defendants:

If it appears that a defendant ... is prejudiced by a joinder of offenses or by defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trial of counts, grant severance of defendant or provide whatever other relief justice requires.

**2.** Count 3 is a forfeiture count, dependent on Count 2.

The Second Circuit has explained the interplay of Rules 8 and 14:

[The question of the propriety of joinder under Rule 8] is a question of law, subject to full appellate review; if the joinder was not permitted by Rule 8, a conviction must be reversed unless harmless. In contrast, the grant of relief under Rule 14 lies within the discretion of the trial judge and refusal to sever counts or defendants properly joined under Rule 8 will be reversed only if discretion was abused....

*United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980) (citations omitted). In effect, Rule 8 considers whether joinder was proper in the first place, while Rule 14 provides remedial measures for prejudicial joinder which is proper under Rule 8. *Id.* Thus the first consideration is whether joinder was proper initially, then if it is deemed to have been proper, the court may then examine whether, in spite of its propriety, it is so prejudicial as to mandate severance.

### A. Joinder of Offenses Was Proper Under Fed.R.Crim.P. 8(a)

■ Joinder of Count 1 with Counts 2 and 3 of defendant's indictment was proper because all counts are of the same or similar character, which is one test which may be used to satisfy Rule 8(a). At first blush, this concept of joining two separate offenses for different transactions in one trial may seem unfair to a defendant. However, the Second Circuit has indicated unambiguously that "[t]he Rule is what it is; if commentators do not like it, the road for them to seek amendment is open." *Werner,* 620 F.2d at 928. *Werner* went on to emphasize the policy behind Rule 8(a)—namely, trial convenience and economy of judicial and prosecutorial resources. *Id.*

In the instant case, defendant is charged in two separate counts with the same statutory offense: knowingly and intentionally distributing cocaine. It is true that the alleged offenses took place on two distinct occasions separated by almost four months. However, the mere passage in time between the two offenses does not, by itself, indicate the impropriety of joinder. In *United States v. Rodgers,* 732 F.2d 625

(1984), the Eighth Circuit faced the question of whether one count charging distribution of cocaine was properly joined with a different count of cocaine possession with intent to distribute which occurred twenty months later. The court held that joinder was proper, in spite of the time span over which the two offenses occurred. It based its conclusion on the fact that "the offenses are of the same type, that the evidence as to each count will overlap somewhat, and that, relative to these factors, the time period between the offenses was sufficiently short." *Id.* at 629–30. Joinder under Rule 8(a) was accordingly proper as the offenses are of the same or similar character.

### B. Joinder of Defendants Was Proper Under Fed.R.Crim.P. 8(b)

■ Defendant Camisa indicated in his initial Motion for Severance (dated July 1, 1991) that he was moving to sever his case from that of his codefendants through his reference to Fed.R.Crim.P. 8(b). Nonetheless, in his Reply to the Government's Response to His Motions, Camisa states that he does not seek severance from his Count 1 codefendants. Therefore, this issue is not properly before this court, and I refrain from ruling on it.

### C. Severance is Improper Under Fed.R.Crim.P. 14.

■ Having ruled that joinder of the offenses was proper under Rule 8, I now turn to the question of whether the joinder would be so prejudicial as to mandate severance.

■ Prejudice occurs so as to justify granting severance when the defendant might become embarrassed or confounded in presenting separate defenses, the jury might use evidence of one of the crimes charged to infer a criminal disposition to commit the other crime or crimes charged, or the jury might cumulate evidence of the various crimes charged to find guilt on a count, which if considered separately, it would not so find. *United States v. Lewis,* 626 F.2d 940, 945 (D.C.Cir.1980).

I do not believe that any embarrassment which may occur to the defendant would be so extreme as to interfere with his presentation of separate defenses, since they are related to one another. Additionally, to the extent the jury might be confused between the separate offenses or find guilt on one count because of guilt on another, the defendant can readily overcome such difficulties through limiting instructions to the jury. While it is true that in complex cases, with a multitude of defendants, there may be a risk that the jury will not or cannot follow such instructions, *Bruton v. United States*, 391 U.S. 123, 135–36, 88 S.Ct. 1620, 1627–28, 20 L.Ed.2d 476 (1968), this is not such a case. Defendant Camisa has six codefendants in count one, whereas he has none in counts two and three. In addition, there is little danger of confusion between the actual alleged offenses, since they occurred on different dates and are not so complicated as to confuse the jury.

Therefore, because joinder of offenses was proper in the first instance under Fed.R.Crim.P. 8(a), and severance is not mandated under Rule 14, defendant Camisa's Motion for Severance is DENIED.

### 4. *Motion for Preservation of Rough Notes*

 Defendant further moves for the preservation and production of rough notes made by agents or witnesses during the course of the investigation. The Government acknowledges its obligations under the Jencks Act, 18 U.S.C. § 3500. Beyond this, the Government cannot be compelled to produce the material sought by defendant. Therefore, defendant's Motion for Preservation of Rough Notes is DENIED.

### 5. *Motion for Disclosure of Any Rule 404(b) Evidence the Government Intends to Use at Trial*

 Defendant Camisa moves for disclosure of any evidence the Government intends to use at trial which would be governed by Fed.R.Evid. 404(b), including the names of any witnesses who will give testimony about such "other crimes" evidence. Although the Government may be required to inform the defense prior to trial of the identity of its witnesses, as it has done here, it is not required to disclose any "other crimes" evidence in advance of trial.

The Government represents that it has furnished defendant Camisa with a full list of witnesses in this case. In doing so, it has complied with Local Rule 2(A)(IX) and *United States v. Baum*, 482 F.2d 1325, 1332 (2d Cir.1973).[3] While it may be helpful to a defendant to receive further notice of the Government's intention of using Rule 404(b) evidence at trial, defendant has no right to such notice under the discovery rules beyond the disclosure of witnesses' identities. *United States v. Fitterer*, 710 F.2d 1328, 1332 (8th Cir.), *cert. denied*, 710 F.2d 1328 (1983); *see also United States v. Taylor*, 707 F.Supp. 696, 704 (S.D.N.Y.1989). However, the Government represents that since it is the practice of the Assistant United States Attorney assigned to this case to alert the court and counsel of such "other crimes" evidence prior to introduction at trial, that practice will be followed in the instant case if and when such evidence is offered. Accordingly, defendant Camisa's Motion for Disclosure of any Rule 404(b) Evidence the Government Intends to Use at Trial is DENIED.

### 6. *Motion for Leave to File Additional Motions, Memoranda and Exhibits*

Defendant Camisa requests this court for an Order allowing him to file such additional motions as the future events of this case may merit, as well as additional memoranda and exhibits. At this point,

---

**3.** Although Local Rule 2(A)(IX) plainly requires the disclosure of Government witnesses, it is less clear that this requirement arises as well from the *Baum* decision, cited by defendant. According to one district court in this Circuit, the principle in *Baum* that the identity of government witnesses should be disclosed early in a criminal proceeding has subsequently been narrowed. *United States v. Taylor*, 707 F.Supp. 696, 704 (S.D.N.Y.1989). In addition, the same court acknowledges the "recent admonitions that the [G]overnment is not obligated under *Brady* [v. *Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) ], and presumably any other doctrine, to open its files to the inquiring defendant." *Id.* (citations omitted).

such a motion is premature. Defendant's Motion for Leave to File Additional Motions is therefore DENIED.

### 7. Motion to Dismiss Count Two for Failure to State an Offense as Pleaded; or, Alternatively, to Declare a Portion of 21 U.S.C. § 841(b)(1)(C) Void for Vagueness

**A.** **Motion to Dismiss Count Two for Failure to State an Offense as Pleaded**

 Defendant urges dismissal of Count Two of his indictment for failure to properly state an offense. However, Count 2 is unambiguous.[4] From the language of the indictment, defendant has proper notice which enables him to defend against the charges. It is true that Count Two is duplicative in referring to both "21 U.S.C. [§§] 841" and "841(b)(1)(C)." However, this alone does not render the indictment overly vague, since the offense is clearly stated in the charge.

**B.** *Motion to Declare 21 U.S.C. § 841(b)(1)(C) Void for Vagueness*

 Defendant next moves this court to declare a portion of 21 U.S.C. § 841,[5] under which he is indicted, void for vagueness. Defendant argues that the statute does not contain a definition of death or bodily injury that "results" from the use of the prohibited substance.

However, the statute need not actually define the particular term, "result," in order to withstand constitutional scrutiny under the void for vagueness doctrine. Rather, a criminal statute is impermissibly vague only "[w]hen a person of ordinary intelligence has not received fair notice that his contemplated conduct is forbidden...." *United States v. Matthews*, 787 F.2d 38, 49 (2d Cir.1986) (citing *United*

*States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954); *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939)); *see also Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1982) ("[T]he void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."); *United States v. Mazurie*, 419 U.S. 544, 553, 95 S.Ct. 710, 715, 42 L.Ed.2d 706 (1974).

The meaning of the term "result" as it relates to the phrase "if death or serious bodily injury results" is clear. The word means "to happen or issue as a consequence or effect." WEBSTER'S NEW WORLD DICTIONARY 1145 (3d ed. 1988); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1937 (1968). Therefore, if death is the *consequence* of the use of a substance controlled by section 841(b)(1)(C), a defendant will receive the enhanced penalty. An individual of ordinary intelligence and understanding should have no difficulty comprehending the meaning of the statute, and thus is fairly advised of the penalties for his crime. Because there is no ambiguity in the statute, this court refrains from manufacturing it. *United States v. Culbert*, 435 U.S. 371, 379, 98 S.Ct. 1112, 1116, 55 L.Ed.2d 349 (1978).

Defendant argues that the concept of death resulting from the use of substances is vague since "[a]ll states define the proscription for death resulting from an act of an accused in a *variety of ways*." Defendant's Motion to Dismiss Count Two, filed July 31, 1991, at 8. Defendant provides examples of New York's distinction be-

---

**4.** Count Two of the Indictment charges as follows: "On or about January 10, 1991, in the District of Vermont, KEVIN CAMISA, the defendant, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance. (21 U.S.C. §§ 841; 841(b)(1)(C))."

**5.** For the applicable controlled substances, [A person who violates particular sections of Title 21] shall be sentenced to a term of imprisonment of not more than 20 years and *if*

*death or serous bodily injury results* from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000 *if the defendant is an individual....*
21 U.S.C. § 841(b)(1)(C) (The added emphasis is the language questioned by the defendant).

tween two degrees of murder, manslaughter and criminally negligent homicide. Instead of being indicative of vagueness, though, Congress apparently did not find it necessary to differentiate between various types of criminal intent with regard to the sentencing enhancement provision of the statute in question. Rather, the mens rea element of the underlying offense is detailed in subsection (a) of section 841 ("knowingly and willfully").

Accordingly, defendant Camisa's Motion to Dismiss Count 2 for Failure to State an Offense as Pleaded is DENIED, and his motion to declare certain language in 21 U.S.C. § 841(b)(1)(C) void for vagueness is DENIED.

8. *Motion to Declare a Portion of the Language in 21 U.S.C. § 841(b)(1)(C) an Element of the Crime*

 The language in 21 U.S.C. § 841(b)(1)(C) relating to death resulting from the use of specified drugs is, according to the law of this circuit, a sentencing enhancement provision, rather than an element of the underlying offense. The provision in question is listed under "Penalties," which follows the details of the "unlawful acts"—i.e., the elements of the offense.

Defendant analogizes the statute at issue to the "super kingpin" statute, 21 U.S.C. § 848. In *United States v. Torres*, 901 F.2d 205, 229 (1990), the Second Circuit held that two subsections of section 848 each listed elements of the offense which had to be proven beyond a reasonable doubt. *Id.* Although defendant's comparison between sections 848 and 841 has some merit, we are bound by the Second Circuit decisions discussing section 841. In this circuit, it is clear that the relevant facts listed in subsection 841(b) bear only on sentencing and need be proven only by a preponderance of the evidence, rather than by the more stringent beyond a reasonable doubt standard. *United States v. Madkour*, 930 F.2d 234, 237 (2d Cir.1991), *petition for cert. filed* (U.S. August 13, 1991) (No. 91–414); *United States v. Campuzano*, 905 F.2d 677, 679 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 363, 112

L.Ed.2d 326 (1990); *see also, United States v. Delario*, 912 F.2d 766, 769 (5th Cir.1990); *United States v. Wood*, 834 F.2d 1382, 1388 (8th Cir.1987). Accordingly, defendant's motion to declare a portion of 21 U.S.C. § 841(b)(1)(C) an element of the crime is DENIED.

CONCLUSION

All of defendant Camisa's motions are DENIED.

It is hereby ORDERED that this case is scheduled as number 1 for trial by jury on Tuesday, November 5, 1991, at 11:00 a.m., with a chamber conference for all counsel at 10:30 a.m.

Counsel shall file any requests for voir dire of the jurors, requests to charge the jury and trial memoranda on or before October 25, 1991.

If there is a change of plea, it must be done on or before November 1, 1991.

All exhibits are to be marked prior to trial.